# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **14-02052-jw**

# ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/02/2017**



*US Bankruptcy Judge*
District of South Carolina

Entered: 02/02/2017

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Jodi Marie Mobley and James Rufus Mobley, III,<br><br>Debtors. | C/A No. 14-02052<br><br>Chapter 13<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA |

This matter comes before the Court upon the Motion to Quash Subpoena ("Motion to Quash") filed by Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"). The Court held a hearing on the Motion to Quash, attended by counsel for Jodi Marie Mobley and James Rufus Mobley, III ("Debtors") and Vanderbilt's counsel. Based on the record and arguments of counsel, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1. Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on April 7, 2014.

2. On June 7, 2016, Vanderbilt filed a Motion for Relief from Stay based on Debtors' failure to make ongoing post-petition payments directly to Vanderbilt as required under Debtors' confirmed chapter 13 plan.

3. Debtors and Vanderbilt agreed to a settlement of the Motion for Relief from Stay in which the parties agreed to conduct a Loss Mitigation/Mortgage Modification ("LM/MM") review in the portal. As a term of the settlement, the parties agreed that upon a final disposition and denial of all available types of LM/MM, Vanderbilt could file an

---

[1] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

1

affidavit of default, and the Court may grant relief from the stay without a further hearing. The settlement was memorialized by a consent order entered on July 26, 2016.

4. On July 29, 2016, the Court entered a Consent Order Requiring Loss Mitigation/Mortgage Modification. This consent order directed Debtors and Vanderbilt to participate in good faith in the Loss Mitigation/Mortgage Modification Portal Program.[2]

5. On August 29, 2016, Vanderbilt issued a loan modification denial stating that they "reasonably believe [Debtors] have the ability to repay [their] loan under its current terms from [their] current income."

6. Later that day on August 29, 2016, Debtors appealed the denial and requested Vanderbilt's consent to participate in mediation.

7. On September 1, 2016, Debtors filed a Request for Mediation, and a LM/MM Mediator was appointed on September 9, 2016. The LM/MM mediation concluded without a resolution on November 28, 2016.

8. On December 16, 2016, Debtors filed a Motion to Enforce the Loss Mitigation/Mortgage Modification Order ("Motion to Enforce LM/MM"), alleging that Vanderbilt did not act in good faith during the LM/MM review in that Vanderbilt gave vague reasons for the denial of Debtors' LM/MM request, and that Vanderbilt's "loan evaluation process is objective or subjective depending on which way will enable [Vanderbilt] to deny the loan [modification]."

9. On January 19, 2017, Debtors' counsel issued a subpoena to the Vanderbilt commanding the production of several items, including:

---

[2] Specifically, the Consent Order Requiring Loss Mitigation/Mortgage Modification stated that the parties will "engage in the Loss Mitigation/Mortgage Modification ("LM/MM") process in good faith, and that failure to do so may result in the scheduling of a hearing to consider sanctions or other relief . . . ."

2

(1) Vanderbilt's file on Debtors' LM/MM review, including notes, emails and internal correspondence;

(2) A list of all loan modifications approved by Vanderbilt in South Carolina since January 1, 2015, detailed by the housing ratio, date and modification terms;

(3) A list of all loan modification denials issued by Vanderbilt since January 1, 2015, detailed by the denial reason and housing ratio;

(4) Vanderbilt's written policies on the LM/MM process;

(5) Dates and descriptions of any in house or external training sessions on LM/MM attended by Vanderbilt's employees since January 1, 2015;

(6) Documentation substantiating all of the mediation programs considered for the Debtors according to the portal message dated November 16, 2016; and

(7) Documentation substantiating the range of interest rates for all loans modified since January 1, 2015.

10. On January 19, 2017, Vanderbilt filed the Motion to Quash, alleging that discovery is not available to Debtors, and that the requested documentation was not relevant to the matters before the Court, was an undue burden on Vanderbilt to produce, and was better suited for testimony at the hearing on the Motion to Enforce LM/MM. A hearing was held on the Motion to Quash on January 26, 2017.

## CONCLUSIONS OF LAW

Subpoenas are governed by Fed. R. Civ. P. 45, made applicable herein by Fed. R. Bankr. P. 9016. Fed R. Civ. P. 45 provides the requirements for commanding the production of relevant documents and electronically stored information. Section (d)(3) of the Rule indicates that:

> On timely motion, the court for the district where compliance is required must squash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

3

(iv)  subjects a person to undue burden.

Neither party has raised an issue regarding the applicability of Fed. R. Civ. P. 45 or the service of Debtors' subpoena.

### *Discovery in LM/MM Matters*

As an initial matter, Vanderbilt alleges that because the undersigned's LM/MM Guidelines do not include specific guidance on the use of discovery during the LM/MM process, Debtors are prohibited from seeking discovery in the prosecution of their Motion to Enforce LM/MM. While the LM/MM guidelines do not specifically address the procedures to conduct discovery, a motion to enforce a loss mitigation/mortgage modification order is nonetheless a contested matter under Fed. R. Bankr. P. 9014. Consequently, the parties are permitted to conduct discovery regarding the motion as provided under Fed. R. Bankr. P. 9014(c), as well as issue subpoenas under Fed. R. Bankr. P. 9016. Therefore, the Court rejects Vanderbilt argument, and Debtors are permitted to seek discovery from Vanderbilt to the extent allowed by the Bankruptcy Rules.

### *Relevancy of Documentation Requested*

Vanderbilt also alleges that the documentation requested by Debtors is not relevant to the Motion to Enforce LM/MM. In support of this position, Vanderbilt argues that Debtors have failed to state any facts in their Motion to Enforce LM/MM that would demonstrate that Vanderbilt did not act in good faith during the LM/MM process. Further, Vanderbilt asserts that information related to the modifications of other loans by Vanderbilt is independent of and has no relationship to whether Vanderbilt acted in good faith in Debtors' particular LM/MM review.

4

A review of the Motion to Enforce LM/MM shows that Debtors have alleged that Vanderbilt has not acted in good faith, including the assertions that Vanderbilt gave vague answers in explaining the reasons for denial, and that Vanderbilt's "loan evaluation process is objective or subjective depending on which way [it] will enable [Vanderbilt] to deny the loan [modification]." At the hearing, Vanderbilt's counsel attempted to refute Debtors' allegations by explaining his understanding of Vanderbilt's internal LM/MM procedures; however, through this line of argument, Vanderbilt is asking the Court to reach the ultimate issue and conclude the Motion to Enforce LM/MM before allowing Debtors to conduct permissible discovery.

For the Motion to Enforce LM/MM, the central issues involve the parties' conduct during Debtors' LM/MM review and Vanderbilt's LM/MM policies. Therefore, it would appear that both Debtors' request for Vanderbilt's case file on Debtors' LM/MM review and their request for Vanderbilt's written policies on the loan modification process would be relevant to the determination of the Motion to Enforce LM/MM.

In regards to Debtors' request for historical data on Vanderbilt's loan modification approvals and denials, Debtors' counsel indicated at the hearing that from her experience as well as the experience of other members of the bar, few, if any, LM/MM requests made to Vanderbilt result in a modification. Debtors believe that it is a policy and practice of Vanderbilt to deny debtors after conducting a faithless LM/MM review in order to comply with the Court's guidelines; and therefore, the historical data is necessary to demonstrate a pattern or business practice that Vanderbilt does not conduct its LM/MM reviews in good faith.

The Court notes that a creditor that reviews a debtor for LM/MM with an intention of not offering LM/MM would not be acting in good faith and would needlessly cause debtor, debtor's counsel, and for that matter the Court, additional work and expense.

In the initial stages of the LM/MM program in this District, Vanderbilt asserted a policy of not conducting LM/MM reviews when the debtor has a pending bankruptcy case.[3] However, upon inquiry by the Court of the reasonableness of such a broad policy, Vanderbilt announced a change in that policy and stated it would consider debtors who are in a bankruptcy case for LM/MM. Since that time, Vanderbilt has consistently not objected to the good faith provision in the Orders Requiring Loss Mitigation/Mortgage Modification. Furthermore, in the present matter, Vanderbilt consented to conduct the LM/MM review in good faith through the Consent Order Requiring Loss Mitigation/Mortgage Modification.

At the hearing, counsel for Vanderbilt indicated that Vanderbilt's LM/MM review is a subjective procedure in that its LM/MM representative will review a debtor's financials and in the sole judgment of the representative, determine if the debtor should be offered a loan modification.[4]

A consequence of a subjective LM/MM review process is that without objective standards, it can be unclear what is required to qualify for a loan modification and can cast doubt upon whether the LM/MM review is done in good faith. When there are allegations that a creditor has an overarching policy to review debtors for LM/MM without an intention

---

[3] For example, in In re Lawrence, C/A No. 14-07225-jw, Vanderbilt objected to the debtor's Notice and Motion for Loss Mitigation/Mediation on the basis "that the Debtor is not eligible for loan modification [sic] while in a current Bankruptcy Case."

[4] The Court notes that many LM/MM programs use objective procedures to determine if a debtor/borrower qualifies for a loan modification. See, e.g., Fannie Mae HAMP Modification, Federal National Mortgage Association Servicing Guide, D2-3.2-07 (Jan. 18, 2017), https://www.fanniemae.com/content/guide/servicing/d2/3.2/07.html.

6

of offering LM/MM, as has been asserted in this matter, the historical data of the creditor's LM/MM reviews appears pertinent to the determination of whether that creditor has acted in good faith. Therefore, the Court finds that Debtors' request for historical data on Vanderbilt's LM/MM reviews is relevant.

### *Undue Burden*

While Debtors' request for production may be relevant, Vanderbilt would not be required to provide the documentation if production would create an undue burden. In their Motion to Quash, Vanderbilt generally alleges that complying with Debtors' request for production would be an undue burden.

At the hearing, Vanderbilt did not specify how production of Vanderbilt's case file on Debtors' LM/MM review would create an undue burden.[5] In the Court's experience, representatives of creditors routinely rely on their internal notes and emails in testifying on matters related to LM/MM, and such information would appear to be readily available. Therefore, without further explanation, the Court cannot find that production of the case file would be an undue burden on Vanderbilt.

In light of this order directing Vanderbilt to produce its case file on Debtors' LM/MM review, Debtors' request for "documentation substantiating all of the mediation programs considered for [Debtors] according to the portal message dated 11/16/16" appears to be duplicative and unnecessary because this documentation should be evidenced in Vanderbilt's case file.

---

[5] Vanderbilt's Motion to Quash indicates that its case file for Debtors' LM/MM review includes proprietary documents, work product and trial preparation materials. However, at the hearing, Vanderbilt did not elaborate on these arguments. Without an explanation as to how the case file involves proprietary documents, work product or trial preparation materials, the Court cannot conclude that Debtors' are prohibited from reviewing the case file.

7

As to Vanderbilt's written policies pertaining to Vanderbilt's loan modification process, Vanderbilt's counsel indicated at the hearing that he has produced these policies previously to the Court in other cases. It would appear that the written policies are readily available and would not be difficult to provide to Debtors' counsel. Therefore, the Court does not find that it would be an undue burden for Vanderbilt to produce these policies.

As to Debtors' request for the "dates and description of any in-house or external training sessions [Vanderbilt] employees attended since 1/1/15 on loan modifications," it appears this request would impose an undue burden on Vanderbilt. For instance, the scope of Debtors' request is overly broad because it seeks the information regarding all employees of Vanderbilt, not just those who within their scope of duties review for LM/MM. Considering that Vanderbilt's representative who reviewed Debtors for LM/MM can testify at the hearing on the extent of his training, the Court finds that Debtors' request for the details of the LM/MM training for all of its employees would be an undue burden on Vanderbilt.

Finally, the scope of Debtors' request for historical data on Vanderbilt's LM/MM reviews varies with each item requested. Specifically, certain items request information regarding all of Vanderbilt's loans since January 1, 2015, while another request is limited to only those loans pertinent to South Carolina. To require Vanderbilt to produce the requested information for all of its loans would create an undue burden. Therefore, the Court finds a more limited scope is appropriate. Vanderbilt shall produce to Debtors' counsel the following historical data regarding the LM/MM reviews of South Carolina

8

loans Vanderbilt completed between August 27, 2015[6] and the entry of this Order ("Completed Reviews"):[7]

> The total number of Completed Reviews, broken down by:
> a. The number of reviews in which a loan modification was offered;
>    i. With additional subsets indicating the number of loan modifications offered: (1) that reduced the loan's principal balance, (2) that postponed or forgave the payment of arrearage, (3) that reduced or converted the loan's interest rate, (4) that extended the loan's term; or (5) any other combination thereof;
>    ii. For each loan modification offered, if a housing ratio was utilized during the LM/MM review, the amount of that ratio (as a percentage);[8]
> b. The number of reviews in which a loan modification was denied, but non-modification LM/MM was offered (*i.e.* deed in lieu, short sale, forbearance agreement, *etc.*); and
> c. The number of reviews in which LM/MM was denied.
>
> In addition, for each category of the above breakdown, Vanderbilt should indicate the number of reviews that were conducted when the borrower was a debtor in a pending bankruptcy case.[9]

### *Testimony of Vanderbilt's Witness*

Finally, Vanderbilt asserts that all of the information requested by Debtors in the subpoena could be solicited during the testimony of Vanderbilt's witness at the hearing on the Motion to Enforce LM/MM and that the better course is to quash Debtors' subpoena

---

[6] August 27, 2015 is the date that the Court first entered an Order Requiring Loss Mitigation/Mortgage Modification in this case.

[7] The Court anticipates that some of Vanderbilt's denials may be the result of a borrower's failure to provide the required documentation to be reviewed for LM/MM. As that type of denial does not appear relevant to the Motion to Enforce LM/MM, these LM/MM reviews should be excluded from the information produced.

[8] Each housing ratio produced should also indicate if the borrower was a debtor in a bankruptcy case when the LM/MM review was conducted.

[9] In producing this information to Debtors' counsel, Vanderbilt may redact the personal identifiers of other borrowers; however, if the veracity of the information provided is later contested, Vanderbilt may be required to submit the unredacted information to the Court for an in camera review.

and proceed directly to the hearing on that motion. Debtors' counsel indicated that she issued the subpoena in part to ensure that both she and Vanderbilt's witness would be familiar with all of the topics that she intends to address during her cross-examination.[10] While the information could be introduced to Debtors and their counsel at the hearing through the testimony of Vanderbilt's witness, that course of action would require Debtors' counsel to learn and process the relevant information on the spot at the hearing. The hearing process and all parties are better served when the parties are aware of the relevant information regarding the matter prior to the hearing rather than learning about it at the hearing. Therefore, for these reasons, the Court will not quash Debtors' subpoena on the basis that Vanderbilt's witness may testify to that information.

## CONCLUSION

Based on the foregoing, the Court grants in part and denies in part Vanderbilt's Motion to Quash. Vanderbilt is ordered to produce the following no later than February 17, 2017:

(1) Vanderbilt's file, including all notes, email or other internal correspondence pertaining to consideration of Debtors' loan modification request(s);

(2) Vanderbilt's written policies pertaining to its LM/MM processes; and

(3) The historical data of Vanderbilt's LM/MM as outlined in this Order.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
February 2, 2017

---

[10] The Court has experienced similar issues in previous hearings involving LM/MM when the hearing must be continued because of incomplete answers or lack of knowledge from a testifying witness of the mortgage creditor, or because of late production of documents.